21-2955
*United States v. Saleh*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-three.

PRESENT:

   RICHARD C. WESLEY,
   RICHARD J. SULLIVAN,
   JOSEPH F. BIANCO,
    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

   *Appellee*,

   v.            No. 21-2955

ALI SALEH,

   *Defendant-Appellant*.

_____

For Defendant-Appellant:        MICHAEL K. BACHRACH, Law
                                Office of Michael K. Bachrach,
                                New York, NY (Steve Zissou,
                                Steve Zissou & Associates,
                                Bayside, NY, Anthony L. Ricco,
                                New York, NY, *on the brief*).


For Appellee:                   SARITHA KOMATIREDDY (Susan
                                Corkery, *on the brief*), Assistant
                                United States Attorneys, *for*
                                Breon Peace, United States
                                Attorney for the Eastern
                                District of New York, New
                                York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ali Saleh appeals from a judgment of conviction following his guilty plea to two counts of attempt to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1). The district court sentenced Saleh to 360 months' imprisonment, to be followed by a lifetime term of supervised release. On appeal, Saleh contends that his conviction should be vacated because his guilty plea was not knowing and voluntary under Rule 11 of the Federal Rules

of Criminal Procedure. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

At the outset, we must resolve a dispute regarding the applicable standard of review. The government contends that we should review Saleh's challenge only for plain error, since Saleh never raised his Rule 11 challenge before the district court. Saleh responds that, liberally construed, his pro se letter, filed two years after his change-of-plea hearing, did in fact challenge the sufficiency of his guilty plea under Rule 11. As a result, Saleh contends that the proper standard of review is harmless error. *See United States v. Groysman*, 766 F.3d 147, 155 (2d Cir. 2014). We disagree.

In his letter, Saleh stated that he wished to withdraw his plea because his lawyers failed to "properly [i]nform [him] of [his] case" and he feared that counsel no longer had his "best interest [at] heart." Saleh App'x at 66. Saleh's complaints concerned his counsel's handling of his case, not the district court's conduct at the change-of-plea hearing, and Saleh never suggested that he failed to understand the nature of the charges against him before pleading guilty. And while we construe pro se submissions liberally, we cannot manufacture "arguments that the submissions themselves do not suggest." *Triestman v. Fed. Bureau of Prisons*, 470

3

F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted).  Therefore, because the Rule 11 challenge Saleh presses on appeal was not preserved below, our review is only for plain error.  *See, e.g., United States v. Farooq*, 58 F.4th 687, 691–92 (2d Cir. 2023) (reviewing Rule 11 challenge for plain error even though the defendant had previously filed a pro se letter seeking to withdraw his guilty plea).

To prevail under plain-error review, Saleh must demonstrate that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *United States v. Cohan*, 798 F.3d 84, 88 (2d Cir. 2015) (internal quotation marks omitted).  Against this backdrop, we turn to Saleh's assertion that his plea was not knowing and voluntary.

Before accepting a guilty plea, the district court must "inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading."  Fed. R. Crim. P. 11(b)(1)(G).  To satisfy this obligation, courts need not adopt a particular method of inquiry or recite a set of magic words.  *See McCarthy v. United States*, 394 U.S. 459, 467 n.20 (1969)

4

(explaining that "matters of reality, and not mere ritual, should be controlling" (internal quotation marks and alterations omitted)). Courts must instead "determine by some means that the defendant actually understands the nature of the charges." *United States v. Maher*, 108 F.3d 1513, 1521 (2d Cir. 1997).

Having reviewed the transcript of Saleh's change-of-plea hearing, we discern no plain error in the district court's conclusion that Saleh actually understood the nature of the charges to which he was pleading guilty. At the start of the hearing, the district court assured itself of Saleh's competence to plead guilty and confirmed that Saleh understood everything that had been discussed to that point in the proceeding. The district court then verified that Saleh had discussed with his attorney his decision to plead guilty. Finally, the court read aloud from the plea agreement and from the indictment before asking Saleh if he agreed that he knowingly engaged in the charged conduct, to which Saleh responded in the affirmative. We conclude that these procedures were adequate.

Saleh nevertheless argues that while the district court's colloquy may have been sufficient to establish a factual basis for the plea, it failed to establish that Saleh understood the nature of the charges against him. But the district court read the charges from the indictment, and the charges themselves – two counts

involving the same statutory provision – are straightforward. *See* 18 U.S.C. § 2339B(a)(1) (imposing criminal penalties on anyone who knowingly attempts to provide "material support or resources to a foreign terrorist organization"); *see also Maher*, 108 F.3d at 1521 (holding that district courts may satisfy their Rule 11 obligation "by reading the indictment to the defendant where the pertinent count spells out the elements of the offense and the circumstances indicate that this will be sufficient"). Moreover, the text of the plea agreement explicitly memorialized that Saleh had reviewed the agreement with his attorney and "underst[ood] all of its terms," which included the crimes charged, and that he was pleading guilty "knowingly and voluntarily." Saleh App'x at 45–46. We therefore cannot conclude that Saleh's plea was not knowing or voluntary.

Nor has Saleh demonstrated that he would have made a different plea decision but for the purported Rule 11 error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (holding that, on plain-error review, a defendant must "show a reasonable probability that, but for the error, he would not have entered the plea"). While Saleh points to his letter to support his contention that he did *in fact* attempt to withdraw his plea, the letter, for the reasons explained above, said nothing about the Rule 11 challenge he now presses on appeal. Indeed, Saleh's

6

own words to the district court demonstrate that his actual concern centered around his frustration with his attorneys, not his lack of understanding of the charges at the time of his guilty plea. We therefore reject the challenges Saleh raises on appeal.

We have considered Saleh's remaining arguments and found them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court